UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Nelson, John Nesse, Clark Anderson, and Daniel Williams as Trustees and Fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the Painters and Allied Trades District Council No. 82 Vacation Fund, the Painters and Allied Trades District Council 82 STAR Fund, the International Painters and Allied Trades Industry Pension Fund, the Minnesota Finishing Trades Training Fund, the National Painting, Decorating, and Drywall Apprenticeship Committee, the St. Paul Painting Industry Pension Fund, and their successors,<br><br>   Plaintiffs,<br><br>vs.<br><br>LICO'S Drywall LLC and Federico Flores Torres, individually,<br><br>   Defendants. | Case No: 14-CV-2110 (PAM/TNL)<br><br><br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR AN ORDER TO SHOW CAUSE** |

## SYNOPSIS

The Defendants LICO'S Drywall LLC ("LICO'S Drywall") and Federico Flores Torres continue to refuse to submit its payroll and employment records for the period of January 1, 2013 through the present despite a Court Order to do so. Accordingly, the Plaintiffs seek an Order requiring Federico Flores Torres ("Torres"), the owner and registered agent of LICO'S Drywall, to appear in person

1

to show cause, if any, as to why an Order should not be entered adjudging LICO'S Drywall and Torres guilty of failing and refusing to obey the Order issued by the Court, and further, why Torres should not be committed to confinement until compliance with said Order.

## STATEMENT OF FACTS

On November 6, 2014, this Court issued an Order and Injunction requiring the Defendant to submit its complete payroll and employment records for the period of January 1, 2013 through the present within 10 days of service of the Order. Affidavit of Christy E. Lawrie ("Lawrie Aff.") at ¶ 2, (Court Docket No. 16). Despite being served with the Order on November 10, 2014, LICO'S Drywall and Torres have failed to provide the payroll and employment records to enable the completion of the requested audit. Lawrie Aff. at ¶ 3, (Court Docket No. 19). At no time has LICO'S Drywall or Torres alleged an inability to comply with the Order. *Id.* at ¶ 4.

Torres is the sole manager of LICO'S Drywall and is personally bound to collective bargaining obligations of LICO'S Drywall, and as such the Plaintiffs reasonably believe that Torres has custody and control over the records needed to complete the remittance reports specified in the Orders. *Id.* at ¶¶ 5-6. Accordingly, the Plaintiffs seek to have the requested Order to Show Cause directed at Torres.

## ANALYSIS

I.   **CIVIL CONTEMPT SANCTIONS IN THE FORM OF TORRES'S INCARCERATION IS THE APPROPRIATE REMEDY FOR LICO'S DRYWALL'S NON-COMPLIANCE WITH THE COURT ORDER.**

The United States Supreme Court has stated, "it is firmly established that the power to punish for contempt is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers*, 330 U.S. 258, 290 n. 56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. *Id.* (*citing United Mine Workers*, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion...." *Id.* Civil contempt proceedings may be employed in an ERISA case such as this one to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both. *Chicago Truck Drivers*, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion. *Id.* In the context of ERISA delinquency actions, Courts have used both fines and incarceration to compel compliance with court orders. *See e.g. Twin City Pipe Trades Svc. Assoc., Inc. v. Franke Mech. LLC*, No. 12-1328 (DSD/AJB), 2013 WL 309905 (D. Minn. 2013) (providing that the defendant has 10 days to cure its contempt and in the event the contempt is not cured,

3

ordering a bench warrant to be issued); *Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC*, No. 4:08-CV-01501 ERW, 2011 WL 3891870 (E.D. Mo. 2011) (ordering a fine of $200 per day for each day post-judgment discovery responses are not received together with attorneys fees and costs, and issuing a writ of body attachment for the arrest of the principal of the defendant business); *Greater St. Louis Constr. Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc.*, No. 4:96-CV-1073 ERW (E.D. Mo. 1997) (ordering a compliance fine of $200 per day and ordering that a bench warrant issue for the arrest of the individual defendants); *Greater St. Louis Constr. Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc.*, No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); *see also Gary Reed et al v. Scott Durand d/b/a Bear Demolition*, No. 10-CV-4851 (PAM/SER); *Operating Engineers Local #49 Health & Welfare Fund v. Visser Scraper Svc. LLC*, 09-CV-562 (MJD/LIB); *Malcolm v. Benchmark Acoustics*, 7-CV-4281 (DSD/SRN); *Seipel v. Nitty-Gritty Cleaning Svc., Inc.*, 07-CV-4170 (MJD/SRN).

A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the contemnors violated a court order. *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998). At that point, the burden shifts to the contemnors to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548 (1983). The contemnors must do more than assert a present inability to comply to avoid a civil contempt finding. *Chicago Truck Drivers*, 207 F.3d at 506. Rather, the alleged

4

contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply. *Id.*

In this case, the Plaintiffs have submitted sworn testimony that Powell was properly served with the Order, that LICO'S Drywall and Torres have ever alleged an inability to comply with the Order, and that LICO'S Drywall and Torres have failed to provide all of the required payroll and employment records sufficient to complete the audit. Lawrie Aff. at ¶¶ 2-7. Because production of all of the required payroll and employment records is essential to a determination as any amount of contributions due to Plaintiffs, LICO'S Drywall and Torres's failure to comply with this Court's Order has adversely affected the Plaintiffs. *Id.* at ¶ 8. Further, given that LICO'S Drywall and Torres have failed to provide the Plaintiffs with the requested records despite this Court's Order, the assessment of a civil fine is unlikely to coerce LICO'S Drywall and Torres to comply with the Order. *Id.* at ¶ 9. Accordingly, incarceration is the more appropriate sanction for LICO'S Drywall and Torres civil contempt.

**II.   THE CIVIL CONTEMPT SANCTION SHOULD BE DIRECTED AT TORRES.**

The Plaintiffs seek to have the civil contempt sanction of incarceration directed at Torres. It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply

with it. *See Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 325, 24 S. Ct. 665 (1904) (a person, "not a party to the suit, [may be] guilty of contempt for violation of an order of that court, made in such suit, and imposing a fine for such contempt."); *Wilson v. United States*, 221 U.S. 361, 376 (1911)(a command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs and if these persons prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt); *Chicago Truck Drivers*, 207 F.3d at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him); *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant).

Here, Torres represents himself as the sole manager of LICO'S Drywall and is personally bound to the collective bargaining agreement obligations of LICO'S Drywall. Lawrie Aff. at ¶ 6. As a result, Torres is an individual who has the responsibility to ensure LICO'S Drywall's compliance with this Court's Order. *Id.* at ¶ 7. Accordingly, the civil contempt sanction of incarceration should be directed at Torres.

## **CONCLUSION**

Based on the foregoing, the Funds respectfully requests its Motion for an Order to Show Cause be granted in its entirety.

Dated: December 3, 2014   McGRANN SHEA CARNIVAL STRAUGHN
                                                               & LAMB, CHARTERED

                                                               By   s/Christy E. Lawrie
                                                                        Carl S. Wosmek (Atty. No. 300731)
                                                                        Amy L. Court (Atty. No. 319004)
                                                                        Christy E. Lawrie (Atty. No. 388832)
                                                               800 Nicollet Mall, Suite 2600
                                                               Minneapolis, MN  55402
                                                               Telephone:  (612) 338-2525

                                                               *Attorneys for Plaintiffs*

776209.DOCX