UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terry Nelson, John Nesse, Clark Anderson, And Daniel Williams as Trustees and Fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the Painters and Allied Trades District Council No. 82 Vacation Fund, the Painters and Allied Trades District Council 82 STAR Fund, the International Painters and Allied Trades Industry Pension Fund, the Minnesota Finishing Trades Training Fund, the National Painting, Decorating, and Drywall Apprenticeship Committee, the St. Paul Painting Industry Pension Fund, and their successors,

        Plaintiffs,

v.

LICO'S Drywall LLC and Federico Flores Torres, individually.

        Defendant.

Case No:   14-CV-2110 (PAM/TNL)

**AFFIDAVIT OF FEDERICO FLORES TORRES IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**

**STATE OF MINNESOTA** )
                           )ss.
**COUNTY OF HENNEPIN** )

Federico Flores-Torres, being first duly sworn on oath, deposes and states as follows:

1. I submit this affidavit based on information that is personally known to me, or which is based on belief formed after a reasonable inquiry.

2. I currently reside at 1048 Aston Cir., Burnsville, MN 55337.

3. I am the owner and authorized agent for Lico's Drywall, LLC ("Lico's").

4. I submit this affidavit in resistance to the damage amounts requested by the above-listed Plaintiffs as both an individual and as a duly authorized executive

1

and representative for Lico's.

5. Plaintiffs, in their Motion for Entry of Judgment, seek $167,483.08 in delinquent fringe benefit contributions, liquidated damages, and attorneys' fees and costs due and owing for the period of January 1, 2012 through January 2015.

6. I do not contest the amount of $8,704.32 supported by the Affidavit of Christy E. Lawrie ("Lawrie Aff.") pertaining to attorney fees, costs, and disbursements.

7. Of the amounts listed in the Supplemental Affidavit of Cole Metcalf, Exhibit A ("Metcalf Aff."), I do not contest that I owed money for the section titled "DC #82 – Past Due Amounts."

8. While I cannot independently confirm the calculations for the amounts due under that Past Due Amounts section ($26,141.83 exclusive of non-accumulated liquidated damages as I understand the calculations), I also have no basis on which to deny the stated amounts due in the Past Due Amounts section.

9. However, I do oppose the amounts listed for the "Owner Contributions" and "Subcontracting Amounts" sections.

10. In mid- or late March I received a different account audit invoice, dated 2/21/15, from Wilson-McShane Corporation, the fund administrators for the above-listed Plaintiff funds.

11. Attached as Exhibit 1 is a true and correct copy of that invoice.

12. Exhibit 1 contains some amounts no longer at issue in this proceeding under the Subcontractor section.

13. More importantly, Exhibit 1 contains a monthly breakdown of the Owner Contribution amounts submitted in the Metcalf Aff., Exhibit A.

14. It also contains a breakdown by each independent contractor.

15. In Plaintiffs' current motion, Plaintiffs' seek damages pertaining to two independent contractors, Gto Navarro Drywall, LLC ("Gto") and Isi Drywall, LLC d/b/a Isi Drywall ("Isi").

16. For those two subcontractors remaining in the Metcalf Aff. Exhibit A, I contest that I owe any amounts to Plaintiffs.

17. From the period of November 2012 to June 2013, I personally performed work on residential construction projects.

18. These residential projects were contracted by oral agreement and there are no documents that memorialize the scope of the work done, the amount(s) paid, or the location(s) of the work.

19. I sometimes hired Gto and Isi for additional help <u>framing and hanging sheetrock</u> on these projects.

20. On those projects from January 2013 to June 2013, my sole job was to <u>frame and hang sheetrock</u>.

21. On the projects I performed personally from January 2013 to June 2013, I did no taping, sanding, painting, or other finishing work; nor did I have others performing such finishing on my behalf.

22. I did not hire them in this way for any work after July 2013.

23. The amounts requested by Plaintiff in the Subcontracting Amounts section of the Metcalf Aff., Exhibit A are for hanging and sheetrock services only.

24. Those listed contractor amounts, and the related penalties and liquidated damages, are not for work under the contract at issue and should not be awarded to Plaintiffs.

25. The Affidavit of Esaud Cisneros confirms my statements above regarding the independent contractors.

26. I have talked to at least two other individuals who helped on the projects in question and they can also corroborate the statements by Mr. Cisneros.

27. Further, the owners of Gto and Isi, respectively Manuel Navarro Vega and Jose Isidoro Payan, would also be able to confirm the scope and timing of the work performed by their companies for Lico's.

28. Unfortunately, though the information above is true, they have refused to provide affidavits attesting to these facts because they are afraid of further investigation or similar action being taken against them in retaliation.

29. I have diligently requested their voluntary statements, but they will not participate.

30. I request an opportunity to have the court compel their testimony should the Court consider awarding damages to Plaintiffs relating to the independent contractors.

31. Further, the type of work outlined above was the only work I performed <u>from November 2012 to June 2013; I did not do any work under the agreement</u> with the Plaintiffs during that time.

32. Despite this, Exhibit 1, page 3 shows that Plaintiffs are seeking damages relating to contributions for my own person <u>during the time from November 2012 to June 2013</u> in addition to later periods of time.

33. I have stated to Plaintiffs that I would like to waive participation in the fund for benefits due to myself in exchange for a release from the "Owner Contributions" amounts and I request that the Court not award any amounts to Plaintiffs relating to that section.

34. However, I recognize the Court can and may still award damages against me in relation to this section of the audit.

35. For that reason, I would request the Court at least reduce any award by the amounts in the "Owner Contributions" section for the time period from November 2012 to June 2013.

36. That is the time period during which I did not perform any work under Plaintiffs' contract and should not have made contributions.

37. By my calculations for this time period improperly included, the subtotal amounts to $24,384 and the applicable union dues amount to $2,406.

38. I would also request that the Court not award to Plaintiffs the liquidated damages associated with this portion of the audit invoice.

39. For the reasons above, I respectfully request that the Court reduce the monetary damages consistent with the statements above and the affidavit of Esaud Cisneros.

40. Should the Court find the evidence submitted insufficient in regards to my request above, in the alternative I would request the Court allow the parties an opportunity to force the independent contractor owners to provide testimony to corroborate the statements from Mr. Cisneros and from me.

**FURTHER AFFIANT SAYETH NOT**

_____
Federico Flores-Torres

5/19/15
Date

Subscribed and sworn to before me this 19 day of May, 2015.

_____
Notary Public

*YUN-WEN LU — NOTARY PUBLIC - MINNESOTA — My Commission Expires Jan. 31, 2020*

## CERTIFICATE OF ORAL TRANSLATION

I, Amy Bellido, certify that I am fluent in English and Spanish and I have orally translated the attached Affidavit of Federico Flores Torres to the best of my ability.

_____
Amy Bellido
Signature

5/19/15
Date

Subscribed and sworn to before me this

19 day of May, 2015.

_____
Notary Signature

Jan-31-2020
Date



*PATRICK FRANCIS HELLIER — NOTARY PUBLIC - MINNESOTA — My Commission Expires Jan. 31, 2020*

# EXHIBIT 1

2/21/15 Audit Invoice

AFFIDAVIT OF FEDERICO FLORES TORRES IN OPPOSITION
TO PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT