UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Nelson, John Nesse, Clark Anderson, and Daniel Williams as Trustees and Fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the Painters and Allied Trades District Council No. 82 Vacation Fund, the Painters and Allied Trades District Council 82 STAR Fund, the International Painters and Allied Trades Industry Pension Fund, the Minnesota Finishing Trades Training Fund, the National Painting, Decorating, and Drywall Apprenticeship Committee, the St. Paul Painting Industry Pension Fund, and their successors,<br><br>　　Plaintiffs,<br><br>v.<br><br>LICO's Drywall LLC and Federico Flores Torres, individually,<br><br>　　Defendants. | Case No. 14-cv-2110 (PAM/TNL)<br><br><br><br><br><br><br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiffs' Motion for Entry of Judgment. The Court entered a default judgment in favor of Plaintiffs on November 6, 2014 (Docket No. 16), but reserved the issue of damages for later motion practice. For the reasons that follow, the Court grants the Motion.

Plaintiffs are trustees of several multi-employer fringe-benefit funds. When entering into Collective Bargaining Agreements with trade unions, employers such as Defendants here agree to make contributions to these funds on behalf of their employees.

When an employer fails to make the required contributions, the funds conduct audits of the employer's records. Often, however, the employer fails or refuses to provide such records. In such situations, the trustees often resort to litigation to enforce compliance with the CBA's requirements.

In this case, Defendant Federico Flores Torres and his business, LICO's Drywall, entered into a CBA that required contributions to the Plaintiff fringe-benefit funds. When the funds requested an audit of LICO's Drywall's records, Defendants did not produce the requested records. The trustees brought this lawsuit contending that such refusal was a breach of the parties' agreement, and asking the Court to order Defendants to produce the requested payroll and employment records. Defendants did not respond to the Complaint, and in July 2014, the Clerk of Court entered default against Defendants.

In November, this Court held a hearing on Plaintiffs' Motion for Default Judgment and Injunction. Plaintiffs asked the Court to order Defendants to comply with the request for production of records. Defendants did not appear at this hearing, and the Court entered an Order that Defendants were required to provide the documents within ten days. (Docket No. 16.) When Defendants again did not comply, Plaintiffs moved for an order to show cause why Defendants should not be held in contempt. The Court held a hearing on the contempt motion on January 7, 2015, and again Defendants did not appear. But the day before the hearing, Torres finally contacted Plaintiffs' counsel. Thus, the Court did not find Defendants in contempt, but rather postponed the show-cause hearing for two weeks to allow Defendants to comply. (Docket No. 29.)

At the rescheduled hearing, Defendants appeared through counsel and represented to the Court that they were attempting to comply with the Court's Order regarding production of records. (Docket No. 34.) The Court thus continued the contempt hearing once again. Finally, after two hearings before Magistrate Judge Tony N. Leung, Defendants produced records to Plaintiffs, and Plaintiffs withdrew their motion for an order to show cause.

Plaintiffs have now conducted the audit they first sought to conduct in early 2014, and have determined the amounts Defendants owe under the terms of the parties' agreement. Defendants do not dispute the amounts Plaintiffs claim for past due amounts or for attorneys' fees and costs, but dispute amounts Plaintiffs claim for owner contributions and for subcontracting. Defendants ask for additional time to conduct discovery as to these categories.

But as Plaintiffs point out, it is Defendants' burden to maintain appropriate records regarding work performed, whether by employees, Torres, or subcontractors. See 29 U.S.C. § 1059(a)(1) ("[E]very employer shall . . . maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees."). This lawsuit has been pending for nearly a year; in that time, Defendants should have been able to secure information regarding these categories sufficient to support their claimed exemptions from the contribution requirements. They have failed to do so.

Plaintiffs have established that they are entitled to the full amounts they seek: $139,161.72 for delinquent contributions, $19,617.04 for liquidated damages, and $11,160.96 for attorney's fees and cost, for a total of $169,939.72.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion for Entry of Judgment (Docket No. 41) is **GRANTED**; and

2. Judgment is entered in favor of Plaintiffs and against Defendants LICO's Drywall LLC and Federico Flores Torres in the amount of $169,939.72.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 2, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge